IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge William J. Martínez

Civil Action No. 18-cv-3113-WJM-STV

ESTATE OF KYLER GRABBINGBEAR by Andrea Feltman, as Personal Representative, and
ANDREA FELTMAN, individually as Parent and Personal Representative,

    Plaintiffs,

v.

WILFRED EUROPE, individually and in his official capacity as Deputy Sheriff for Adams County, and
MICHAEL MCINTOSH, individually and in his duly elected official capacity as Sheriff for the Adams County,

    Defendants.

## ORDER DENYING PLAINTIFFS' MOTION FOR SECOND AMENDED COMPLAINT AND DENYING AS MOOT DEFENDANT MCINTOSH'S MOTION FOR SUMMARY JUDGMENT

Before the Court is Plaintiffs Estate of Kyler Grabbingbear by Andrea Feltman, as Personal Representative, and Andrea Feltman, individually as Parent and Personal Representative's (jointly, "Plaintiffs") Motion for Second Amended Complaint ("Motion"). (ECF No. 88.)  Defendant Michael McIntosh filed a response in opposition.  (ECF No. 90.)  Defendant Wilfred Europe joined in the arguments presented in McIntosh's response.[1]  (*Id.* at 1.)  Plaintiffs filed a reply.  (ECF No. 96.)  Also before the Court is McIntosh's Motion for Summary Judgment, which is fully briefed.  (ECF Nos. 83, 86, 92.)

For the following reasons, the Court denies the Motion, and denies as moot

---

[1] The Court refers to Defendants Europe and McIntosh jointly as "Defendants."

McIntosh's Motion for Summary Judgment.

## I.  PROCEDURAL BACKGROUND

The Court need not recount the substantive background of this case in order to resolve the Motion, but it will recount the procedural history to the extent necessary to do so.  On December 3, 2018, Plaintiffs filed their initial complaint against Defendants Europe, Cory Engel,[2] and McIntosh.  (ECF No. 1.)  On November 21, 2019, the Court issued its Order Granting in Part and Denying In Part Defendants' Motion to Dismiss for Failure to State a Claim and for Lack of Subject-Matter Jurisdiction.  (ECF No. 39.)  The Court need not reiterate all of its rulings in that Order; in relevant part, the Court dismissed without prejudice the two claims against McIntosh: a municipal liability claim for failure to train and a personal liability claim.  (*Id.* at 13–16.)  Following that Order, on December 11, 2019, Plaintiffs filed their Amended Complaint, naming Europe, Engel, and McIntosh as defendants, but they did not reallege their municipal liability claim for failure to train.[3]  (ECF No. 44.)

In the Scheduling Order, issued on December 12, 2019, United States Magistrate Judge Scott T. Varholak set the deadline for joinder of parties and amendment of pleadings for March 18, 2020.  (ECF No. 48 at 12.)  Discovery progressed, and numerous deadlines in the Scheduling Order were extended.  (*See, e.g.*, ECF Nos. 52,

---

[2] Engel's name is spelled differently in this case—Engel and Engle.  The Court spells it as Plaintiffs did in the Amended Complaint.

[3] The Court notes that paragraph 33 of the Amended Complaint states: "It is the custom, practice, or policy of the Adams County Sheriff's Office under the supervision of Adams County Sheriff Michael McIntosh to permit deputy sheriffs to unreasonably use handguns against citizens and unreasonably fail to provide medical assistance to citizens injured by the actions of deputy sheriffs as well as to not train or supervise officers in the appropriate Constitutional limits on the use of force."  (ECF No. 44 ¶ 33.)  However, this language is conclusory and appears only in the Factual Background; the Amended Complaint does not contain a municipal liability claim against McIntosh.

56, 63, 65.)

On January 5, 2021, Judge Varholak conducted a telephonic discovery hearing. (ECF No. 68.) At that hearing, the parties and Judge Varholak noted that there was no municipal liability claim pending in the case. (*Id.*) Among other things, Judge Varholak granted one of Plaintiffs' discovery requests in part and directed Defendants to produce portions of Europe's personnel files. (*Id.*) On January 15 and 18, 2021, Europe disclosed his personnel files. (ECF No. 88 at 7.) Plaintiffs state that McIntosh's deposition took place on April 27, 2021. (*Id.*)

In the interim, discovery progressed and Judge Varholak extended various deadlines in the Scheduling Order. (*See, e.g.*, ECF Nos. 71, 74.) On April 2, 2021, he extended the discovery deadline to April 30, 2021. (ECF No. 74.) On May 21, 2021, he extended the dispositive motions deadline to June 7, 2021. (ECF No. 80.) On June 4, 2021, Plaintiffs dismissed Engel from the case under Federal Rule of Civil Procedure 41(a)(1)(A)(i). (ECF No. 81.) The Clerk terminated Engel as a party on June 5, 2021. (ECF No. 86.)

On June 5, 2021, without seeking leave to amend the deadline to amend the pleadings (which remains March 18, 2020), and without seeking leave to amend the Amended Complaint, Plaintiffs filed their Second Amended Complaint ("SAC"). (ECF No. 82.) Plaintiffs also apparently failed to obtain Defendants' written consent to amend their Amended Complaint. In the SAC, Plaintiffs added a municipal liability claim against McIntosh for failure to train or supervise. (*Id.* at 15.)

As noted above, the dispositive motions deadline was June 7, 2021. Thus, given the uncertainty surrounding which filing constituted the operative pleading and the two-

3

day window between the filing of the SAC and the dispositive motions deadline, McIntosh filed his Motion for Summary Judgment out of an abundance of caution—even though he had been under the impression that he was no longer a party in the case because the Amended Complaint asserts no claims against him.  (ECF No. 83.)  Accordingly, in his Motion for Summary Judgment, McIntosh states that he "disputes the characterization that he still may be considered a defendant in this case," as "Plaintiffs' Amended Complaint contains no claim for relief as to Sheriff McIntosh; all references to a claim for relief against him for failure to train/supervise that were present in the Complaint are deleted in the Amended Complaint."  (*Id.* at 2.)

In their response to McIntosh's Motion for Summary Judgment, Plaintiffs state that they filed the SAC "without a Motion because they believed that the language of the Order dismissing McIntosh without prejudice gave them leave to file an Amended Complaint after discovery was complete."  (ECF No. 89 at 36.)  They further state that they "continue to believe that this Court's Order dismissing the claim against McIntosh gave implied permission for Plaintiffs to file a claim against McIntosh after completion of discovery."  (*Id.*)

Almost two weeks *after* they filed the SAC, on June 17, 2021, Plaintiffs filed the instant Motion.[4]  (ECF No. 88.)

## II. LEGAL STANDARD

When a motion to amend the pleadings is filed after the deadline set in the Scheduling Order has passed, the Court should employ a two-step analysis, first

---

[4] Though vaguely styled as a "Motion for Second Amended Complaint," the Motion requests that the Court "accept[] the filing of the [SAC]."  (ECF No. 88 at 1.)  Thus, the Court construes the Motion as a motion to amend the pleadings and the operative scheduling order and analyzes it under Federal Rules of Civil Procedure 15 and 16.

4

determining whether the movant has shown good cause to modify the Scheduling Order under Rule 16(b)(4), and second, evaluating whether the movant has satisfied the standard for amendment of pleadings under Rule 15(a).  *Gorsuch, Ltd. v. Wells Fargo Nat. Bank Ass'n*, 771 F.3d 1230, 1240 (10th Cir. 2014).  A trial court's refusal to modify a scheduling order is reviewed for abuse of discretion.  *Id.*

This two-step analysis has been explained as follows:

> Rule 16(b)(4)'s good cause standard is much different than the more lenient standard contained in Rule 15(a).  Rule 16(b)(4) does not focus on the bad faith of the movant, or the prejudice to the opposing party.  Rather, it focuses on the diligence of the party seeking leave to modify the scheduling order to permit the proposed amendment.  Properly construed, good cause means that the scheduling deadlines cannot be met despite a party's diligent efforts.  In other words, this Court may "modify the schedule on a showing of good cause if the deadline cannot be met despite the diligence of the party seeking the extension."

*Pumpco, Inc. v. Schenker Int'l Inc.*, 204 F.R.D. 667, 668 (D. Colo. 2001) (citations and alterations omitted); *see also Carbajal v. St. Anthony Cent. Hosp.*, 2015 WL 1499864, at *4 (D. Colo. March 27, 2015) (internal citations omitted) (citing same passage from *Pumpco*).  If the movant fails to show good cause under Rule 16(b)(4), there is no need for the Court to move on to the second step of the analysis, *i.e.*, whether the movant has satisfied the requirements of Rule 15(a).  *Carbajal*, 2015 WL 1499864, at *4–5 (internal citations omitted).

Good cause under Rule 16 means that the moving party must "show that it [was] diligent in attempting to meet the [pleading amendment] deadline, which means it must provide an adequate explanation for any delay."  *Id.*, at *5 (citing *Minter v. Prime Equip. Co.*, 451 F.3d 1196, 1205 n.4 (10th Cir. 2006)).  While it is true that rigid adherence to

the pretrial scheduling order is not advisable, see *SIL-FLO, Inc. v. SFHC, Inc.*, 917 F.2d 1507, 1519 (10th Cir. 1990), compliance with the pleading amendment deadline is particularly important in circumstances where the amendment can completely change the complexion of the case.

### III. ANALYSIS

In the Motion, Plaintiffs state that they received Europe's personnel files on January 15 and 18, 2021.  (ECF No. 88 at 7.)  They deposed Europe and Engel on March 1 and 2, 2021, respectively.  (*Id.*)  They then deposed McIntosh on April 27, 2021.  (*Id.*)  Plaintiffs state that the "Scheduling Order was subsequently amended on several occasions without addressing the amendment of pleadings."  (*Id.*)  Plaintiffs argue that Europe and Engel's personnel and training files were necessary to depose either Defendant in a meaningful fashion.  (*Id.* at 8.)  Further, they contend that "[b]oth the depositions of these Defendants and the contents of their personnel files were necessary in order to determine whether Sheriff McIntosh failed to . . . train or supervise either Defendant . . . ."  (*Id.*)  Plaintiffs state that the information necessary to state a claim against McIntosh was not available on March 18, 2020, and Defendants' resistance to discovery delayed Plaintiffs obtaining the information necessary to amend the complaint against McIntosh.  (*Id.*)  They argue that the SAC was filed within a reasonable time after completion of discovery.  (*Id.* at 9.)  Finally, they assert that by filing his Motion for Summary Judgment, McIntosh waived any objection to the filing of the SAC.[5]  (*Id.*)

---

[5] This argument is utterly without merit and borders on disingenuous.  McIntosh filed his Motion for Summary Judgment after Plaintiffs filed the SAC (apparently without notice or conferral) and added a claim against him.  He states in the Motion for Summary Judgment that he filed it out of an abundance of caution following the filing of the SAC.  (ECF No. 83 at 2.)

6

Here, the Court finds that Plaintiffs have failed to demonstrate that their counsel diligently attempted to meet the pleading amendment deadline under Rule 16, and therefore, have failed to show good cause that their Motion should be granted. Importantly, the Court notes that Plaintiffs have never moved to amend the pleadings deadline, which is still March 18, 2020 under the Scheduling Order.  (ECF No. 48.)  Any argument by Plaintiffs based on their purported "belief" that the Court's Order dismissing their municipal liability claims without prejudice (ECF No. 39) impliedly extended their deadline to amend the pleadings is unsupported by citation to case law (ECF No. 89 at 36), and is thus, without merit.[6]

Moreover, in the Court's view, Plaintiffs' statement that the "Scheduling Order was subsequently amended on several occasions without addressing the amendment of pleadings" demonstrates that their counsel have failed to take responsibility for their dilatory actions in this case.  (ECF No. 88 at 7.)  Additionally, it provides no explanation or good cause for their failure to move to amend the pleadings deadline, even after the Court dismissed their municipal liability claims.  The Court does not litigate parties' cases for them.  It is Plaintiffs' responsibility to manage their case deadlines as the litigation develops.  The Court's Order did not extend the deadline to amend the pleadings; therefore, the deadline remained March 18, 2020, and it was Plaintiffs' obligation to request an extension in light of the dismissal without prejudice of their claims against McIntosh.

The Court observes that the parties were not shy in filing motions for extension of

---

[6] In fact, this view is entirely inconsistent with the management of litigation in federal court, where the addition of new claims so late in the case could necessitate reopening discovery.

other deadlines in this case. As cited above, *see supra* Part I, it appears as though Judge Varholak has extended other deadlines on at least six separate occasions. In light of those motions for extensions of scheduling deadlines, the Court sees no adequate reason why Plaintiffs did not timely move for an extension of the deadline to amend the pleadings. Thus, the Court finds Plaintiffs were not diligent in moving to extend the pleadings deadline.

Additionally, Plaintiffs concede that they received Europe's personnel files on January 15 and 18, 2021. (ECF No. 88 at 7.) They proceeded to take depositions through April 2021. Under these circumstances, Plaintiffs' claim that they could not request leave to amend until the personnel files were produced and depositions were taken. (ECF Nos. 88, 96.) However, the Court agrees with Defendants' assertion that "this justification does not support the undue delay in moving for leave to amend the complaint." (ECF No. 90 at 4.) At any point in this litigation, Plaintiffs could have filed a motion to extend the deadline to amend the pleadings, but they did not do so. Additionally, they provide no explanation—other than their "belief" that the Court's Order dismissing their municipal liability claim implicitly permitted them to file an amended pleading after the close of discovery—for their undue delay.

The Court also notes that when Plaintiffs filed the SAC, they did not concurrently file a motion for leave to amend the complaint. It took almost two additional weeks for them to do so. Under these circumstances, the Court cannot conclude that Plaintiffs were diligent in seeking leave to modify the scheduling order to permit the proposed amendment, as Rule 16 requires, and will deny Plaintiffs' Motion.[7]

---

[7] Because Plaintiffs failed to show good cause under Rule 16(b)(4), the Court need not address the second step of the analysis, *i.e.*, whether the movant has satisfied the requirements

Because this ruling means that the Amended Complaint (ECF No. 44) remains the operative pleading, there are no claims in this case against McIntosh. Therefore, the Court will deny as moot his Motion for Summary Judgment. (ECF No. 83.)

## IV. CONCLUSION

For the foregoing reasons, the Court ORDERS:

1. Plaintiffs Estate of Kyler Grabbingbear by Andrea Feltman, as Personal Representative, and Andrea Feltman, individually as Parent and Personal Representative's Motion for Second Amended Complaint (ECF No. 88) is DENIED; and

2. Defendant Michael McIntosh's Motion for Summary Judgment (ECF No. 83) is DENIED AS MOOT.

Dated this 8th day of December, 2021.

BY THE COURT:

_____
William J. Martinez
United States District Judge

---

of Rule 15(a). *Carbajal*, 2015 WL 1499864, at *4–5 (internal citations omitted).